FILED
07/21/2026
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 1, 2026

**KENNETH MERRITT v. BETTY THOMAS MOORE**

**Appeal from the Circuit Court for Shelby County**
**No. CT-4667-23          Damita J. Dandridge, Judge**

———————————————————

**No. W2025-01131-COA-R3-CV**
———————————————————

The plaintiff filed this action against a trial court judge who had presided over a prior lawsuit involving the plaintiff. The Shelby County Circuit Court ("trial court") dismissed the plaintiff's claims, determining that they were barred by judicial immunity. The plaintiff timely appealed. Because the plaintiff has failed to comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which ANDY D. BENNETT, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Kenneth Merritt, Memphis, Tennessee, Pro Se.

Julia Marie Hale, Memphis, Tennessee, for the appellee, Hon. Betty Thomas Moore.

**OPINION**

I. Factual and Procedural Background

On November 6, 2023, the plaintiff, Kenneth Merritt, filed a pleading in the trial court entitled, "Lawsuit Filed Against Judge Betty Thomas Moore for Procedural Noncompliance Leading to Case Dismissal." Mr. Merritt, acting without benefit of counsel, alleged that Judge Moore had violated his rights and had failed to comply with local rules in a separate proceeding bearing case number 2035473. Mr. Merritt then detailed the various purported failings of Judge Moore in that case, including her alleged failure to "update the case file," her failure to consolidate that case with another pending matter, and her "mishandling" of the court docket, all of which led to "the unfortunate dismissal of Kenneth Merritt's case, CT-1516-22."

Mr. Merritt asserted that although Judge Moore would likely claim judicial immunity, such immunity was not absolute and did not protect a judge regarding administrative acts. Mr. Merritt claimed that his constitutional rights had been violated, and based on 42 United States Code § 1983, he sought "$500,000 as compensation for the court's failure to document all legal proceedings." In addition, he sought punitive damages in the amount of $1,000,000.

On February 5, 2024, Mr. Merritt filed a motion for default judgment, asserting that although he had obtained proper service upon Judge Moore, she had failed to file an answer. On September 20, 2024, Judge Moore filed a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6), stating that she had not been properly served with process until August 30, 2024. Judge Moore posited that Mr. Merritt's complaint should be dismissed because judicial immunity barred his claims, which were based on the judicial act of her dismissal of a previous lawsuit. Judge Moore also asserted that Mr. Merritt's claim failed to meet the minimum pleading standard for a 42 U.S.C. § 1983 claim and was barred by the applicable one-year statute of limitations.

Mr. Merritt filed two separate responses opposing Judge Moore's motion to dismiss. Concomitant with the filing of his second response, Mr. Merritt also filed a "Plaintiff Statement of Undisputed Facts in Support of Motion for Summary Judgment" and a "Memorandum of Law in Support of This Motion for Summary Judgment Against Defendant." The record contains no separate summary judgment motion. However, Mr. Merritt's memorandum states that he "respectfully moves the Court for summary judgment pursuant to Rule 56 of the Tennessee Rules of Civil Procedure." Both the memorandum and statement of undisputed facts include facts concerning alleged procedural errors in prior cases identified as "2035473" and "2065132."

On January 9, 2025, Judge Moore filed a motion to strike Mr. Merritt's statement of undisputed facts and memorandum of law, asserting that Mr. Merritt had failed to comply with Tennessee Rules of Civil Procedure 5.02 and 56.03. Mr. Merritt filed a response in opposition, contending that he had filed a valid motion for summary judgment and that the motion to strike should be denied. Mr. Merritt then filed another motion for default judgment.

On April 14, 2025, Mr. Merritt filed a "Motion for Clarification or Reconsideration and Renewed Request for Default Judgment." Mr. Merritt claimed that the trial court had erred by denying his motion for summary judgment without written explanation and in the absence of a response in opposition from Judge Moore. Mr. Merritt requested that the court (1) reconsider its denial of his summary judgment motion, (2) provide a written ruling in his favor due to Judge Moore's alleged failure to respond, and (3) enter default judgment against Judge Moore. Mr. Merritt filed his affidavits in support of the motion. On April 21, 2025, the trial court entered a written order denying Mr. Merritt's motion for summary judgment "[f]or good cause shown."

On April 25, 2025, Mr. Merritt filed another motion for default judgment against Judge Moore along with an unnotarized affidavit. Subsequently, on June 2, 2025, Mr. Merritt filed a "Memorandum of Law in Support of Plaintiff's Motion for Clarification Regarding Denial of Summary Judgment," asserting that the trial court should have provided a basis for its ruling rather than simply finding "good cause." On June 4, 2024, Judge Moore filed a response regarding the motion for default judgment, asserting that she had filed a motion to dismiss in September 2024, which had extended the timeframe within which she was required to file a responsive pleading. Judge Moore stated that the motion to dismiss had not yet been adjudicated.

On June 20, 2025, the trial court entered an order granting Judge Moore's motion to dismiss and denying Mr. Merritt's motion for default judgment. The court concluded that Mr. Merritt's claims were barred by judicial immunity, warranting their dismissal pursuant to Tennessee Rule of Civil Procedure 12.02(6). The court denied Mr. Merritt's motion for default as moot. Meanwhile, Mr. Merritt filed a motion to stay the court's judgment of dismissal, arguing that the dismissal was based on a misapplication of the doctrine of judicial immunity. On July 25, 2025, Mr. Merritt filed a notice of appeal.

Upon this Court's review of the record on appeal to determine whether this Court maintained subject matter jurisdiction, pursuant to Tennessee Rule of Appellate Procedure 13(b), we concluded that the trial court's June 20, 2025 order was not a final, effective judgment from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). This Court determined that the June 20, 2025 order failed to comply with Tennessee Rule of Civil Procedure 58 because it contained neither Mr. Merritt's signature nor a certificate of service demonstrating that it had been served upon him. Accordingly, this Court entered an order remanding the matter to the trial court for entry of a final order. The trial court submitted a final order to this Court on December 29, 2025, and this appeal proceeded.

## II. Issue Presented

Although both parties have raised issues for this Court's review on appeal, we determine that the following issue raised by the appellee, which we have restated slightly, is dispositive:

Whether Mr. Merritt's brief properly complies with Tennessee Rule of Appellate Procedure 27.

## III. Analysis

We recognize that Mr. Merritt is a *pro se* litigant and respect his decision to proceed self-represented. With regard to self-represented litigants, this Court has explained:

- 3 -

*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden. Conducting a trial with a *pro se* litigant who is unschooled in the intricacies of evidence and trial practice can be difficult. Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training.

*Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) (internal citations omitted). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). This Court must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id*. Furthermore, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *See Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009).

Tennessee Rule of Appellate Procedure 27 dictates the requirements for an appellant's brief, stating in pertinent part:

> (a)   **Brief of the Appellant.** The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> . . .
>
> (2)   A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
>
> . . .
>
> (4)   A statement of the issues presented for review;
>
> (5)   A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
>
> (6)   A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
>
> (7)   An argument, which may be preceded by a summary of argument, setting forth:

> (A)   the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>
> (B)   for each issue, a concise statement of the applicable standard of review . . . ;
>
> (8)   A short conclusion, stating the precise relief sought.

In addition to the requirements of Rule 27, appellants must also comply with Tennessee Court of Appeals Rule 6 concerning the content of their briefs. Rule 6 provides in pertinent part:

> (a)   Written argument in regard to each issue on appeal shall contain:
>
> (1)   A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
>
> (2)   A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
>
> (3)   A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
>
> (4)   A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.
>
> (b)   No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Taking into account and respecting Mr. Merritt's *pro se* status, we still must conclude that his appellate brief contains numerous significant deficiencies with regard to the above-listed requirements. These deficiencies include: (1) the table of authorities is inaccurate because it contains case citations that do not appear in the body of the brief, lists incorrect page numbers for many of the case citations that do appear, and contains at least one case authority that appears to be nonexistent; (2) the statement of facts fails to include any citations to the record whatsoever; and (3) the argument section fails to include any citations to the record and fails to cite to proper authority in some instances. We will address each of these failures in turn.

With reference to the table of authorities, we note that its purpose is to "provide a list of authorities and where in the brief they are cited in order to facilitate efficient appellate review." *MidFirst Bank v. Cole*, No. W2023-00440-COA-R3-CV, 2023 WL 8785890, at *5 n.10 (Tenn. Ct. App. Dec. 19, 2023). Mr. Merritt's table of authorities is sufficiently inaccurate such that it provides virtually no assistance in locating the authorities cited within the brief. The page numbers listed therein, purportedly demonstrating the page upon which each authority is to be found in the brief, are substantially incorrect. In addition, at least four of the cases cited in the table of authorities do not appear in the brief at all despite having page numbers listed. Moreover, one of the case authorities cited does not appear to exist inasmuch as this Court has been unable to locate it utilizing either the case name, date, or citation provided. Accordingly, Mr. Merritt's table of authorities does not "facilitate efficient appellate review." *See id.*

Concerning the statement of facts, although Mr. Merritt does provide a somewhat limited statement of the facts in support of his issues relating to Judge Moore's handling of the earlier lawsuit, he includes no citations to the record demonstrating the portions of the record wherein these facts are established. In fact, Mr. Merritt's entire brief contains no citations to the record whatsoever. As this Court has previously clarified:

> "Courts have routinely held that the failure to comply with even one of the Rule 27 requirements constitutes a waiver of the appellate issue." *Short v. Alston*, No. W2022-00666-COA-R3-CV, 2023 WL 5294531, at *2 (Tenn. Ct. App. Aug. 17, 2023); *see, e.g.*, *Gates v. Switzer*, No. M2021-01552-COA-R3-CV, 2023 WL 6296290, at *3 (Tenn. Ct. App. Sept. 27, 2023) ("Wife's arguments on issues four, five, and nine fail to include any citations to the record and are therefore waived pursuant to Rule 27 and Rule 6."); *Little v. City of Chattanooga*, 650 S.W.3d 326, 348, 353 (Tenn. Ct. App. 2022) (deeming various issues waived for failure to cite to the record); *Cnty. of Sumner v. Kalbes*, No. M2020-01119-COA-R3-CV, 2021 WL 4192319, at *2 (Tenn. Ct. App. Sept. 15, 2021) ("[O]ur courts have routinely held that the failure to make appropriate references to the record as required by Rule 27(a)(7) constitutes a waiver of the issue.") (quotation omitted).

*State v. $133,429 in U.S. Currency*, No. W2022-01075-COA-R3-CV, 2023 WL 6843430, at *3 (Tenn. Ct. App. Oct. 17, 2023) (appeal dismissed for appellant's failure to comply with Rule 27 regarding brief).

Finally, in the argument section of Mr. Merritt's brief, he not only fails to include citations to the record, he also fails to include citations to relevant authority in support of his arguments. Although some citations to authority concerning general legal propositions are accurate, several other citations do not support the proposition for which they are cited or contain quotes that do not actually appear in the cited authority. In addition, we reiterate that Mr. Merritt has cited to at least one case authority that does not appear to exist.[1]

This Court has previously explained:

[A] party's brief must "develop the theories or contain authority to support the averred position as required by Tennessee Rules of Appellate Procedure 27(a)." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001). Moreover, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Pro. Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

We also note that the brief does not cite the record. "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (citations omitted).

*Slate v. Smiley Bail Bonds*, No. M2025-00463-COA-R3-CV, 2026 WL 182494, at *2-3 (Tenn. Ct. App. Jan. 22, 2026) (dismissing appeal because the appellant's brief failed to comply with Rule 27). *See Barton v. Barton*, 696 S.W.3d 571, 594 (Tenn. Ct. App. 2024) (explaining that judges are "'not like pigs, hunting for truffles' that may be buried in the record, or, for that matter, in the parties' briefs on appeal." (quoting *Nunley v. Farrar*, No. M2020-00519-COA-R3-CV, 2021 WL 1811750, at *6 (Tenn. Ct. App. May 6, 2021)).

---

[1] This Court has previously referred to such fabricated case citations as "Artificial Intelligence hallucinations," described as "a widely reported phenomenon in which artificial intelligence programs create new information that has no basis in fact." *See Simmons v. Islam*, No. M2025-01261-COA-R3-CV, 2026 WL 1431143, at *7 (Tenn. Ct. App. May 21, 2026) (quoting Margie Alsbrook, *Untangling Unreliable Citations*, 37 Geo. J. Legal Ethics 415, 446 (2024)).

In the instant case, the deficiencies within Mr. Merritt's appellate brief are substantial. As this Court determined in *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014):

> We are not unmindful of Plaintiffs' pro se status and have attempted to give them the benefit of the doubt whenever possible. Nevertheless, we cannot write Plaintiffs' brief for them, and we are not able to create arguments or issues where none otherwise are set forth. Likewise, we will not dig through the record in an attempt to discover arguments or issues that Plaintiffs may have made had they been represented by counsel. To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Plaintiffs' attorney.

Similarly, we cannot unfairly disadvantage the appellee in this matter by serving as Mr. Merritt's attorney. *See id.* Therefore, Mr. Merritt's issues presented on appeal are deemed waived. *See Bean v. Bean*, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000).

IV. Conclusion

For the reasons stated above, the appeal of this matter is dismissed. The case is remanded to the trial court for collection of costs assessed below. Costs on appeal are assessed to the appellant, Kenneth Merritt.

s/ Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE